UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BAYLEE LOGAN LEVITT**, <br><br> Plaintiff, <br><br> v. <br><br> **CORRECTIONS OFFICER GUESS, et al**., <br><br> Defendants. | 2:25-CV-12571-TGB-DRG <br><br><br> **ORDER PARTIALLY DISMISSING COMPLAINT (ECF NO. 1) AND DENYING MOTION TO APPOINT COUNSEL (ECF NO. 6)** |

Baylee Logan Levitt ("Plaintiff"), currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 28 U.S.C. § 1983 asserting that he was subject to sexual harassment, retaliation, and staff corruption while confined at the Macomb Correctional Facility in Lenox Township, Michigan. ECF No. 1. He names Macomb Corrections Officers Guess and NKuwzor and Macomb Prison Counselor Robinson as the defendants in this action and sues them in their individual capacities for monetary damages. *Id*. The Court has granted Plaintiff leave to proceed *in forma pauperis*, that is without prepayment of the filing fee. ECF No. 5. Plaintiff also filed a Motion to Appoint Counsel. ECF No. 6. For the foregoing reasons, however, Plaintiff's complaint will be **PARTIALLY DISMISSED**, and his Motion to Appoint Counsel will be **DENIED** at this time.

I.      FACTUAL ALLEGATIONS

Plaintiff complains about multiple remarks from Officer Guess which he argues constituted sexual or verbal harassment and were made in retaliation for filing grievances against him. For instance, according to the Complaint, on October 3, 2024, Plaintiff alleges that Officer Guess told him to "suck my dick." ECF No. 1, PageID.2. Plaintiff said he complained about the incident. *Id.* at PageID.3. While Officer Guess wrote Plaintiff an "out-of-place misconduct ticket" the next day, it was later dismissed. *Id.* On November 5, 2024, Plaintiff alleges that Officer Guess searched his cell and destroyed legal documents. *Id.*

A few months later, on January 23, 2025, Plaintiff alleges that Officer Guess wrote him a misconduct ticket for unauthorized occupation of a room, which was later dismissed. *Id.* On February 7, Officer Guess allegedly asked Plaintiff "what the fuck was your fat ass doing on D-wing?" *Id.* Plaintiff responded he was doing his job and asked the officer to stop harassing him. *Id.* Officer Guess responded, "you need to do a job on this dick, now go back to your cell." *Id.* at PageID.4. After Officer Guess wrote Plaintiff a misconduct ticket for insolence, he was taken to segregation, where Officer Guess allegedly told him in passing that he should "stop fucking with me or it will continue." *Id.*

On February 14, 2025, Officer Guess wrote another insolence misconduct ticket to Plaintiff, which was dismissed after a hearing. *Id.*

2

Plaintiff asked for a hearing, and the ticket was dismissed because Guess was allegedly found to have not been working on the day of Plaintiff's alleged insolence. *Id.* at PageID.5. On February 22, 2025, Officer Guess wrote another ticket for unauthorized occupation of a room. Plaintiff denied that he was in the cell, and another prisoner heard Officer Guess say that he wanted to "get" Plaintiff. *Id.* at PageID.5-6. On March 6, 2025, after another of Plaintiff's ticket for unauthorized occupation written by Officer Guess was dismissed, a prisoner told Plaintiff that the Lieutenant asked him why he "reached in the cell when he knows [Plaintiff] and Guess are beefing." *Id.* at PageID.7.

Plaintiff argues that these factual allegations give rise to legal claims for "sexual harassment, retaliation, and staff corruption" which violated his freedom of speech and right and cruel and unusual punishment. He seeks compensatory damages and punitive damages in the amount of $150,000 against Officer Guess, and $70,500 against Officer NKuwzor and Prison Counselor Robinson.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C.

§ 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed- me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured

4

by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II. DISCUSSION

### A. Screening of the Complaint

Plaintiff's civil rights complaint is subject to summary dismissal in part. Only the retaliation claim against Officer Guess may proceed.

#### 1. Personal Involvement

First, Plaintiff's claims against Defendants NKuwzor and Robinson must be dismissed because he fails to allege facts showing their personal involvement in the events giving rise to the complaint.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *Id.* at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Furthermore, liability under § 1983 cannot be based upon a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *see also Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978). "At a minimum, a plaintiff must show that the official at least implicitly

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Other than naming NKuwzor and Robinson as defendants in the cover page of his complaint and describing their respective positions as corrections officers and prison counselor, Plaintiff does not allege any facts describing what they allegedly did or did not do to violate his constitutional rights. Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 against Defendants NKuwzor and Robinson.

### 2. Verbal and Sexual Harassment

Second, Plaintiff's claim of sexual and verbal harassment must be dismissed.

It is well-established that *sexual* abuse by corrections officers can be sufficiently serious to violate the Eighth Amendment. *See, e.g., Rafferty v. Trumbull Cty. Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (collecting cases). The Sixth Circuit, however, has ruled that "isolated, brief, and not severe" instances of sexual harassment do not give rise to an Eighth Amendment violation. *Id.* Federal courts in this Circuit and across the nation seem to agree that an allegation of verbal sexual harassment, without more, is insufficient to state an Eighth Amendment claim. *See, e.g., id.* at 1096 (ruling that prisoner stated Eighth

6

Amendment claim where the alleged abused "did not merely consist of words," but also "entailed forced sexual acts"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's ruling that verbal threat of sexual assault did not violate inmate's constitutional rights); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, *1 (6th Cir. 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation."); *Green v. Eddy*, No. 1:24-CV-12086, 2025 WL 845176, *3 (E.D. Mich. Mar. 18, 2025)(Ludington, J.) (officer's remark that prisoner should "go f[uck] [him]self" did not implicate the Eighth Amendment); *Sims v. Jarvis*, No. 2:23-CV-163, 2024 WL 3565043, *4 (W.D. Mich. July 29, 2024) (dismissing verbal sexual harassment allegations); *Williams v. Wetzel*, 776 F. App'x 49, 53 (3rd Cir. 2019) (affirming district court's ruling that there was no Eighth Amendment violation where allegations only involved offensive comments, not sexual contact); *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (indicating that Eighth Amendment protections do not extend to "mere verbal sexual harassment"); *Allen v. Wine*, 297 F. App'x 524, 530 (7th Cir. 2008) (affirming dismissal of sexual harassment claim consisting only of words and gestures, not physical abuse, because verbal harassment does not state an Eighth Amendment claim); *Doe v. City of Haltom*, 106 F. App'x 906, 908 (5th Cir. 2004) (ruling that verbal sexual harassment does not violate an inmate's constitutional

rights).

Such is the case here. The only two instances of alleged sexual harassment that Plaintiff references in his complaint are:

(1) When Defendant Guess asked Plaintiff why he was in A-wing and told him to "take it in for the night, and if you don't like it suck my dick," ECF No. 1, PageID.2; and,

(2) When Defendant Guess asked Plaintiff "what the fuck was your fat ass doing in D-wing," and Plaintiff said he was doing his job and asked him to stop harassing him or he would file a grievance, Defendant Guess responded "You need to do a job on this dick now go back to your cell[.]" *Id.* at PageID.4.

While such comments were clearly inappropriate, unprofessional and could be perceived as harassment, they were "isolated, brief, and not severe." *See Rafferty*, 915 F.3d at 1095; *see also Green*, 2025 WL 845176, at *3 ('[A]lthough Defendant's alleged remarks may be classified as . . . shameful, unsavory, or unprofessional, they cannot be plausibly classified as unconstitutional."). These comments were merely words without physical contact or forced sexual behavior, and do not suggest a "pattern of unnecessary and wanton abuse." *See Green*, 2025 WL 845176, at *2. Colloquially, Guess's comments can be seen as rude and insulting remarks rather than sexual ones. In sum, Defendant Guess's comments, while inappropriate and not to be condoned, do not rise to the level of a constitutional violation.

Furthermore, allegations of *verbal* harassment and threats are

8

insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a § 1983 claim…."); *Cox v. Ross*, No. 2:24-CV-11506, 2024 WL 3071056, *2 (E.D. Mich. June 20, 2024) (citing cases and denying relief on verbal harassment claim); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats to assault an inmate have been found not to violate a prisoner's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002).

Plaintiff's allegations of sexual and verbal harassment thus fail to state a claim upon which relief may be granted under § 1983.

### 3. Staff Corruption

Third, Plaintiff's claim of "staff corruption" must be dismissed because he fails to allege any specific facts or a legal basis to support such a claim. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

9

Because Plaintiff does not allege supporting facts or a legal basis for this claim, he fails to state a claim upon which relief may be granted under § 1983.

### 4. Retaliation

Lastly, the Court finds that Plaintiff's retaliation claim against Defendant Guess states a plausible claim for relief and is not subject to dismissal at this time.

### B. Motion to Appoint Counsel

Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Nonetheless, a district court has discretion to appoint counsel for an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted).

In prisoner civil rights cases, the Sixth Circuit has held that the

appointment of an attorney to represent an indigent plaintiff is "justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted). In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert,* 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993); *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003). Other courts have held that exceptional circumstances turn in part on "whether the appointment of counsel would be a service to . . . the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Harrison v. Diamond Pharmacy Servs.,* 707 F. Supp. 3d 718, 726 (W.D. Ky. Dec. 15, 2023) (citing to *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982)).

At this point, however, Plaintiff's request to appoint counsel is premature. And Plaintiff has not presented exceptional circumstances warranting such an appointment.

Plaintiff only contends that the Court should appoint counsel in this case because he is indigent, he is facing mental challenges, and he and has "little knowledge of the law." ECF No. 6, PageID.51. Such contentions

11

fall short of demonstrating "exceptional circumstances" justifying appointment of counsel at this time. As the court in *Hill v. Coleman*, stated, "Plaintiff's motions seek appointment of counsel for reasons which apply to virtually every pro se prisoner plaintiff." 2021 WL 12259037, at *1–2 (W.D. Mich. June 7, 2021). Furthermore, the issues are not so complex to require counsel where only one of Plaintiff's claims against one of the Defendants survived under 28 U.S.C. § 1915(e). And, that defendant has not yet filed an Answer or dispositive motion as he has not yet been served. *See Foster v. Bush*, 2021 WL 3079892, at *1–2 (E.D. Mich. July 21, 2021) (finding request to appoint counsel to be "premature" where there was "yet to be an answer or dispositive motion filed by Defendant, let alone any discovery").

Therefore, because Plaintiff has not demonstrated "exceptional circumstances" justifying appointment of counsel, Plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED** without prejudice.

### III.  CONCLUSION

For the aforementioned reasons, Plaintiff's complaint is subject to partial dismissal. Plaintiff fails to state a claim upon which relief may be granted under § 1983 against Defendants NKuwzor and Robinson and as to his allegations of sexual harassment and staff corruption.

Accordingly, it is **ORDERED** that Defendants NKuwzor and Robinson are **DISMISSED** from this case and the Sexual Harassment

and Staff Corruption claims are **DISMISSED** from the complaint without prejudice.

However, because Plaintiff pled sufficient facts to state a retaliation claim against Defendant Guess, it is not subject to summary dismissal at this stage, and that claim can proceed alone.

It is **FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 15, 2025         /s/Terrence G. Berg
                                 TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE